UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| SONNY'S ENTERPRISES, LLC, | : | |
| | : | |
| Plaintiff, | : | Case No. |
| v. | : | |
| | : | **COMPLAINT** |
| ULTIMATECH CAR WASH EQUIPMENT CORP., | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

---

Plaintiff Sonny's Enterprises, LLC ("Plaintiff" or "Sonny's"), by its attorneys Kushnirsky Gerber PLLC, for its complaint against defendant Ultimatech Car Wash Equipment Corp. ("Defendant" or "Ultimatech") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark counterfeiting, trademark infringement, copyright infringement, false advertising, and unfair competition arising from Defendant's unauthorized use of Plaintiff's registered trademark and product photographs to sell its own competing counterfeit parts.

2. A fixture of the car wash industry since 1978, Sonny's has grown into one of the largest suppliers of car wash parts, equipment, and supplies in the United States. Sonny's manufactures and sells a wide range of its own SONNY'S-branded car wash parts, equipment, and supplies through its website and catalog.

3. Sonny's owns a federal trademark registration for "SONNY'S" in connection with such products and services (the "SONNY'S Mark"), as well as a range of other SONNY'S-related marks.

1

4. Ultimatech is a competitor of Sonny's based in New York that also sells car wash parts, equipment, and supplies to buyers around the country.

5. Ultimatech has advertised and sold counterfeit copies of Sonny's products on its website, even going so far as to use the SONNY'S Mark along with photographs taken from Sonny's own website to scam and deceive consumers into thinking that the Ultimatech counterfeits are authentic Sonny's products when, in fact, they are not. Even after being alerted to its unlawful conduct, Defendant has continued to advertise and sell counterfeit Sonny's parts and equipment and use Sonny's product photographs, willfully infringing Sonny's exclusive trademark and copyrights.

6. Sonny's asserts claims for trademark counterfeiting and infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*; unfair competition, false advertising, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); deceptive trade practices under New York General Business Law § 349; unfair competition under New York common law; and copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff seeks injunctive relief, damages, and recovery of its costs and attorneys' fees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121 as well as under 17 U.S.C. § 501, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367, and principles of pendent jurisdiction.

8. This Court has personal jurisdiction over Defendant because Defendant is based in this District, and the products that are the subject of this action were sold to companies in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1400 because (i) Defendant is located in this District, sell goods in this District, and is subject to personal jurisdiction in this District; (ii) Plaintiff sells goods in this District; and (iii) a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

10. Plaintiff Sonny's Enterprises, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 5605 Hiatus Road, Tamarac, Florida 33321. Sonny's is registered to do business in the State of New York and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this Complaint.

11. Defendant Ultimatech Car Wash Equipment Corp. is a corporation organized and existing under the laws of the State of New York with locations at 525 Tiffany St, Bronx, New York 10474 and 1208 Sheepshead Bay Road, Brooklyn, New York 11235.

## FACTUAL BACKGROUND

A.  Sonny's Trademarks and Copyrights

12. With origins dating back to 1949 and having used the SONNY'S brand since 1978, Sonny's has become one of the largest manufacturers and suppliers of car wash parts, equipment, and supplies in the United States. Sonny's manufactures and sells a wide range of its own SONNY'S-branded car wash products through its website, located at www.sonnysdirect.com, and catalog as well as at trade shows throughout the country. Given its long-developed expertise and knowledge of the car wash industry, Sonny's offers a popular "CarWash College" course for those seeking an introduction to and instruction about the business from an industry leader. Sonny's supplies its own and third-party manufactured parts and equipment to car wash businesses throughout the United States and the world and is one of the best-known suppliers in the car wash and automotive detailing market.

13.     Sonny's owns federal trademark registration number 2,596,912 for the SONNY'S Mark in connection with car wash systems, parts, and products.  Sonny's also owns a range of other SONNY'S-related marks in the car wash market market including SONNY'S FOUNDATION FRAME, SONNY'S AUTOPILOT CONTROLS, SONNY'S THE CARWASH FACTORY, SONNY'S CAR WASH PARTS, SONNY'S CARWASH COLLEGE, and SONNY'S TUNNEL EQUIPMENT.  The trademark registration certificate for the SONNY'S Mark is attached hereto as Exhibit A.

14.     Sonny's products have been distributed in interstate commerce throughout the United States, including in this District, for decades.  Sonny's has been registered to do business in the State of New York since at least 2000.  Because of Sonny's exclusive and extensive use of the SONNY'S Mark, the SONNY'S Mark has acquired substantial value and goodwill and has become famous among the consuming public and car wash trade.  The SONNY'S Mark is recognized as identifying and distinguishing Sonny's as the exclusive and unique as the source of products sold under the mark.

15.     As such, Sonny's uses the SONNY'S Mark to identify the source and brand of its own manufactured parts and equipment on its website and catalog.  Most products advertised and offered for sale on the Sonny's website identify the brand of the product, as shown in an example below.



16.     Sonny's creates and uses original photographs of products it offers for sale, including its own SONNY'S-branded and third-party products, to promote and sell such products in its catalog and on its website. Sonny's expends considerable resources and time to create its original photographs in-house in order to accurate portray the products it offers for sale and showcase the quality of its SONNY'S-branded equipment and parts.

17.     Sonny's owns federal copyright registration numbers VA2133858, VA2133859, VA2133860, VA2133861, VA2133864, VA2133865, VA2133866, and VA 2133868, effective December 2018, for several of its original photographs, including groups of photographs of its products. The photographs covered under these copyright registrations are collectively referred to as the "Original Photographs." The corresponding registration certificates are attached hereto as <u>Exhibit B</u>.

B.      <u>Defendant's Promotion and Sale of Infringing Counterfeit Products</u>

18.     Defendant Ultimatech is a direct competitor of Sonny's. Like Sonny's, Ultimatech sells car wash parts, equipment, and supplies to car wash businesses throughout the United States.

5

Ultimatech promotes its business and products through its website at www.ultimatechstore.com (the "Ultimatech Website").

19. In mid-2018, Sonny's discovered that Ultimatech was using the SONNY'S Mark to sell products on the Ultimatech Website, including counterfeit Sonny's parts and equipment (the "Counterfeit Products"). Ultimatech did not have any permission from Sonny's to use the SONNY'S Mark. Moreover, Ultimatech was using the Original Photographs of SONNY'S-branded products in order to advertise and sell counterfeit versions of those same products. Ultimatech was also using the Original Photographs of third-party products, as depicted on the Sonny's website, to advertise and sell those products on the Ultimatech Website. Ultimatech did not have any permission from Sonny's to use the Original Photographs.

20. On November 5, 2018, Florida counsel for Sonny's contacted Ultimatech regarding its unlawful use of the SONNY'S Mark and Original Photographs and demanded that Ultimatech immediately stop selling and displaying the Counterfeit Products and stop using the SONNY'S Mark and Original Photographs. A copy of this letter is attached hereto as Exhibit C.

21. Ultimatech effectively ignored the demand letter, leaving up numerous infringing listings and creating additional infringing listings with the Original Photographs, which, on information and belief, were directly copied from Sonny's website, and continued to advertise and sell the Counterfeit Products. A comparison of Sonny's listings featuring the Original Photographs and Ultimatech's infringing listings are attached hereto as Exhibit D.

22. Ultimatech is not, nor has ever been, affiliated with Sonny's and has never been licensed or otherwise authorized by Sonny's to use the SONNY'S Mark on any products or in the advertising thereof or to use any of the Original Photographs.

6

23. Ultimatech's infringing actions commenced decades after Sonny's began using the SONNY'S Mark[1] and almost twenty years after the SONNY'S Mark was federally registered in the U.S. Patent and Trademark Office.[2] Ultimatech's unauthorized use of the SONNY'S Mark is with actual notice of Sonny's superior prior rights therein by virtue of Sonny's federal trademark registration.

24. Upon information and belief, Ultimatech has sold the Counterfeit Products to consumers in New York, around the United States, and overseas, some of which also purchase authentic Sonny's products. Sales of counterfeit Sonny's products directly supplant sales of authentic Sonny's products in the marketplace.

25. Upon information and belief, Ultimatech's use of the SONNY'S Mark is with the deliberate intent to ride on the fame and goodwill that Sonny's has established in its brand and with the deliberate attempt to create a false impression as to the source and sponsorship of Ultimatech's products. Ultimatech is a direct competitor of Sonny's using its competitor's trademark and original photographs in order to sell counterfeit products. If Ultimatech's conduct is not enjoined, Sonny's will face irreparable harm, particularly due to great injury to the value of the SONNY'S Mark and ability of the SONNY'S Mark to distinguish Sonny's goods.

26. Ultimatech's conduct is intentionally fraudulent, malicious, willful, and wanton. Ultimatech has engaged in willful unlawful use of a counterfeit version of the SONNY'S Mark and willful infringement of Sonny's copyrighted works.

---

[1] Sonny's first used the SONNY'S Mark in commerce in 1978.
[2] The SONNY'S Mark was federally registered in the U.S. Patent and Trademark Office in 2002.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK COUNTERFEITING - 15 U.S.C. § 1114

27. Sonny's repeats and realleges each and every allegation set forth in paragraphs 1 through 26 above, and incorporates them herein by this reference.

28. Ultimatech has willfully used a designation that is a counterfeit of the registered SONNY'S Mark on goods for which Sonny's holds a federal trademark registration.

29. Ultimatech has, without the consent of Sonny's, used the counterfeit SONNY'S Mark in connection with the sale, offering for sale, and distribution of goods for its own financial gain.

30. Sonny's has not authorized Ultimatech's use of the SONNY'S Mark to advertise, offer for sale, sell, or distribute Ultimatech's counterfeit products.

31. Ultimatech's unauthorized use of the SONNY'S Mark on or in connection with the advertising and sale of goods constitutes Ultimatech's use of Sonny's registered trademark in commerce.

32. Ultimatech's unauthorized use of the SONNY'S Mark is likely to cause confusion, mistake, or deceive; cause the public to believe that Ultimatech 's products are authorized, sponsored, or approved by Sonny's when they are not; and result in Ultimatech unfairly and illegally benefitting from Sonny's goodwill.

33. Accordingly, Ultimatech has engaged in trademark counterfeiting in violation of Sections 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), and is liable to Sonny's for all damages related thereto, including but not limited to actual damages, infringing profits, and/or statutory damages, as well as attorneys' fees.

34. Ultimatech's acts have caused, and will continue to cause, irreparable injury to Sonny's.

35. Sonny's has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

36. Ultimatech's egregious conduct in repeatedly selling counterfeit merchandise bearing the unauthorized SONNY'S Mark is willful and intentional, and thus this constitutes an exceptional case.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT - 15 U.S.C. § 1114

37. Sonny's repeats and realleges each and every allegation set forth in paragraphs 1 through 36 above, and incorporates them herein by this reference.

38. Ultimatech's unauthorized use of Sonny's registered SONNY'S Mark in connection with its sale of the Counterfeit Products infringes on Sonny's exclusive rights in its mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), in that the public is likely to be or has been confused, mistaken, or deceived regarding the source or sponsorship of Ultimatech's products or by the appearance of a relationship between Sonny's and Ultimatech that does not exist.

39. Ultimatech is using the SONNY'S Mark with full knowledge that it is associated exclusively with Sonny's and exclusively designates Sonny's products.  Ultimatech's conduct is intentionally fraudulent, malicious, willful, and wanton, and is conducted with an intent to reap the benefit of Sonny's goodwill in its trademark.

40. Ultimatech's conduct is causing immediate and irreparable injury to Sonny's, and to its goodwill and reputation, and will continue both to damage Sonny's and deceive the public unless enjoined by this Court.  Sonny's has no adequate remedy at law.

9

## THIRD CLAIM FOR RELIEF
### FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION, AND FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a)

41. Sonny's repeats and realleges each and every allegation set forth in paragraphs 1 through 40 above, and incorporates them herein by this reference.

42. The SONNY'S Mark, when used on or in connection with car wash parts, equipment, and products, is identified and associated in the public's mind exclusively with Sonny's. The SONNY'S Mark is highly distinctive of Sonny's goods and is entitled to the broadest scope of protection.

43. Ultimatech's unauthorized use of the SONNY'S Mark on the Counterfeit Products constitutes a false designation of origin and a false description or representation that Ultimatech's product originates from, or is offered, sponsored, authorized, licensed by, or otherwise somehow connected with Sonny's, and is thereby likely to confuse consumers.

44. By reason of the foregoing, Ultimatech has violated and is continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Ultimatech's acts of unfair competition are willful and deliberate and done with an intent to reap the benefit of the goodwill and reputation associated with Sonny's trademark.

46. The aforesaid conduct is causing Sonny's immediate and irreparable injury. Sonny's has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### DILUTION UNDER NEW YORK STATE LAW - N.Y. G.B.L. § 360-L

47. Sonny's repeats and realleges each and every allegation set forth in paragraphs 1 through 46 above, and incorporates them herein by reference.

48. Ultimatech's unauthorized use of a counterfeit mark that is identical to the SONNY'S Mark dilutes and is likely to continue to dilute the SONNY'S Mark by (i) lessening the

Mark's capacity to identify and distinguish Sonny's exclusively as the source of goods bearing or provided under the mark; and (ii) tarnishing the Mark through an association with a product of inferior quality.

49. The foregoing conduct is causing Sonny's irreparable injury. Sonny's has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

50. Sonny's repeats and realleges each and every allegation set forth in paragraphs 1 through [49] above, and incorporates them herein by reference.

51. The SONNY'S Mark, when used on or in connection with car wash parts, equipment, and products, is identified and associated in the public's mind exclusively with Sonny's. The SONNY'S Mark is highly distinctive of Sonny's and entitled to the broadest scope of protection.

52. Ultimatech's use of a counterfeit mark that is identical to the SONNY'S mark constitutes a false designation of origin and a false description or representation that Ultimatech's products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Sonny's; and is thereby likely to confuse consumers.

53. Ultimatech's conduct constitutes common law unfair competition, which has damaged and will continue to damage Sonny's unless enjoined by this Court. Sonny's has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES - N.Y. G.B.L. § 349

54. Sonny's repeats and realleges each and every allegation set forth in paragraphs 1 through 53 above, and incorporates them herein by this reference.

55. By reason of the acts set forth above, Ultimatech has been and is engaged in deceptive acts or practices in the conduct of a business, trade, or commerce in violation of Section 349 of the New York General Business Law.

56. The public is likely to be damaged as a result of Ultimatech's deceptive trade practices or acts.

57. On information and belief, Ultimatech has willfully and/or knowingly violated Section 349 of the New York General Business Law.

58. Unless enjoined by this Court under the provisions of Section 349 of the New York General Business Law, Ultimatech will continue their deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable injury to Sonny's. Sonny's has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501 *et seq*.

59. Sonny's repeats and realleges each and every allegation set forth in paragraphs 1 through 59 above, and incorporates them herein by reference.

60. Sonny's is the legal owner of all right, title, and interest in the Original Photographs, including the copyrights in such works. Sonny's is the legal owner of the copyright in those work and owns a federal registration that was obtained prior to the commencement of this Action.

61. Ultimatech has copied, reproduced, distributed, adapted, and/or publicly displayed the Original Photographs without the consent, permission, or authority of Sonny's.

62. Ultimatech continued to advertise, display, offer for sale, and sell products that using the Original Photographs after receiving notice or, at the very least, constructive notice of the infringement by Sonny's.

63. Ultimatech's conduct constitutes willful infringement of Sonny's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

64. Ultimatech's acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Sonny's.

65. As a result of Ultimatech's acts of copyright infringement as alleged herein, Sonny's has suffered and will continue to suffer damages in the United States and around the world in an amount yet to be determined.

66. Sonny's is entitled to its actual damages and Ultimatech's profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Sonny's demands judgment as follows:

1. Granting an injunction that permanently restrains and enjoins Ultimatech from copying, reproducing, distributing, adapting, selling, advertising, and/or publicly displaying the Counterfeit Products or any unlawful copy of the SONNY'S Mark;

2. Awarding Sonny's such damages as it has sustained or will sustain by reason of Ultimatech's acts of trademark counterfeiting, infringement, and unfair competition and trebling said amount pursuant to 15 U.S.C. § 1117;

3. Requiring Ultimatech to account for and pay over to Sonny's profits, gains, and advantages obtained or derived by Ultimatech from its acts of trademark counterfeiting, infringement, and unfair competition and awarding Sonny's treble the amount pursuant to 15 U.S.C. § 1117;

4. Awarding Sonny's statutory damages pursuant to 15 U.S.C. § 1117 of no less than two million dollars ($2,000,000) based on the maximum amount available per trademark willfully counterfeited and infringed, per type of good and service offered, as well as attorneys' fees and

costs, and awarding profits, damages, and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law, and punitive damages to the full extent available under the common law;

5. Awarding Sonny's its actual damages and Ultimatech's profits in connection with Ultimatech' willful copyright infringement;

6. Awarding Sonny's exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

7. Awarding Sonny's its costs and disbursements incurred in this action, including its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

8. Awarding Sonny's interest, including prejudgment interest, on the foregoing sums; and

9. Awarding Sonny's such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sonny's hereby demands a jury trial on all triable issues raised by this Complaint.

Dated: New York, New York
April 3, 2019

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: _____
Andrew Gerber (AG 0779)
Ilya Kushnirsky (IK 3899)
andrew@kgfirm.com
ilya@kgfirm.com

27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320

*Attorneys for Sonny's Enterprises, LLC*